James Richard ABNEY, Appellant,

v.

Constance Rose ABNEY, Respondent.

No. 38708.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 19, 1978.

Robert D. Benjamin, Law Offices of Kenneth J. Rothman, Clayton, for appellant.

Forrest S. Fitzroy, Clayton, for respondent.

REINHARD, Presiding Judge.

This is a dissolution action in which the husband appeals from that portion of the decree awarding $100.00 maintenance to the wife.

The parties were married in 1960. Two children were born of the marriage, a son in 1961 and another son in 1962. The marital property consisted of the real property (home) with an equity of $10,000.00, household furnishings (no value given), an automobile valued at $2,800.00, and one-half interest in a bait and tackle shop worth $4,000.00. At the time of the dissolution, the husband was employed as a meat cutter, earning approximately $1,200.00 per month, and the wife was employed at Missouri Pacific Railroad earning between $900.00 and $1,000.00 per month.

The court dissolved the marriage, awarded the house and furniture within to the wife, awarded the automobile and the one-half interest in the bait and tackle shop to the husband, and granted custody of the two children to the husband with temporary custody to the wife. The court also ordered the wife to pay to the husband $25.00 child support per child per month and ordered the husband to pay to the wife $100.00 per month maintenance.

The husband appeals the award of maintenance to the wife, alleging that the court "erroneously declared and applied the law in that respondent does not lack sufficient property to provide for her reasonable needs, nor is she unable to support herself through appropriate employment nor is she the custodian of any minor child, . . ." and further claiming that the award is not supported by substantial evidence.[1]

In order to reach a determination as to appellant's complaint, it is necessary for us to recite additional facts relating to the wife's health and employment. She became employed by the Missouri Pacific Railroad in 1968. In 1971 she had a brain tumor removed from the right side of her cerebellum. This left her with partial paralysis of the right hand and leg, partial paralysis of

---

1. Although neither party presented evidence as to the husband's expenses or the particular needs of the wife or children, and the husband in his pleadings had not requested child support, we note that the wife did not appeal the award against her for child support. Consequently, we cannot disturb this portion of the judgment. *Tellmann v. Civil Service Commission of St. Louis County*, 564 S.W.2d 226 (Mo. App.1978). In this regard, we further note the husband's statement during oral argument that if he succeeds on appeal, he would not expect child support. On the other hand, the wife says that she would like to contribute to the support of the children.

her face, a spasmotic blinking eye, and an inability to drink without a straw. She also experienced a hearing loss in her right ear. A second operation helped relieve some of these physical manifestations, and she can now drink without a straw. She was off work five months in 1971 because of the operation but has worked ever since. However, the disability affected her housework, created problems between her and the children, and led to the breakup of her marriage in 1976. She has continued her employment through "grit and determination". At work, the wife has received pay increases when other employees received them and at the time of the trial was receiving $900.00 to $1,000.00 per month. There was *no* medical testimony as to her present condition or a prognosis. There was no testimony from the wife as to any future additional disability.

■ Maintenance under § 452.335 may be awarded to either party upon dissolution of a marriage, but unless the spouse seeking maintenance is the custodian of a child, it must appear that he or she: 1) lacks sufficient property, including the marital property apportioned to her, to provide for her reasonable needs, and 2) is unable to support herself through appropriate employment.

■ The husband makes an initial assertion that the wife has sufficient property to provide for her reasonable needs; however, the court in *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 857 (Mo.App.1977) noted that in considering property in place of maintenance, "the focus of our statute seems more specifically on income-producing property, . . . ." There is no contention that the property awarded the wife was income producing. Therefore we look to the wife's ability to support herself through appropriate employment.

■ The husband claims that since the unrefuted testimony was that the wife is presently employed and self-supporting, the court erred in allowing maintenance. The wife relies on *McBane v. McBane*, 553 S.W.2d 521, 524 (Mo.App.1977), where our Kansas City brothers held that where "the evidence shows a physical condition existing at the time of the marriage dissolution which has a substantial potentiality for disabling the wife from remaining self-supporting, fairness to the wife requires that her existing physical condition be taken into account." However, the *McBane* extension of the considerations for maintenance becomes applicable only when the potential for future inability to work is established by evidence exceeding mere guesswork or speculation. Mere suppositions of future inability to work are not adequate. In *McBane*, for example, there was medical testimony as to the potential for Mrs. McBane's future incapacity. We do not believe the requisite evidence was presented here.

■ In this case there is no dispute as to a substantial disability on the part of the wife. However, on the record here, we cannot determine whether this disability has a "substantial potentiality" for disabling her from remaining self-supporting. There is no evidence in the record as to the effect of her disability on her future employment. Furthermore, there was no evidence presented as to the present needs or expenses of either the husband or the wife.[2] Under the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we find that the court's order as to $100.00 for month maintenance is not supported by substantial evidence. Therefore, this order cannot be affirmed. However, in view of the fact that the wife might be able to establish her entitlement to maintenance under the *McBane* standard, we remand. *Jaeger v. Jaeger*, 547 S.W.2d 207, 213 (Mo. App.1977).

2. In oral argument, the parties contend that expense and income statements were before the court. Although they may have been filed with the case in accordance with a local court rule, there is no indication in the record that they were offered in evidence or considered by the trial court. In fact, there is nothing in the record mentioning expense and income statements.

Case reversed and remanded for proceedings consistent with this opinion.

CLEMENS and GUNN, JJ., concur.