**Mary L. PEMBERTON, Appellant,**

v.

**Donald PEMBERTON, Respondent.**

**No. 56146.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 19, 1989.

Rehearing Denied Oct. 25, 1989.

David Wayne Suddarth, Troy, for appellant.

Thomas B. Burkemper, Troy, for respondent.

PER CURIAM.

Appellant challenges the trial court's decision after remand in her action for dissolution of marriage. *See Pemberton v. Pemberton*, 756 S.W.2d 660 (Mo.App.1988). We reverse.

Appellant's original petition to the lower court sought a dissolution of marriage, division of marital assets and financial maintenance. At trial wife introduced evidence of her inability to work because of severe health problems. This assertion was corroborated by her husband under cross-examination. In its order dissolving the marriage the lower court divided the marital assets and awarded Mrs. Pemberton "rehabilitative maintenance" of $250.00 per week for one year. Wife appealed the time limitation to this court.

In Pemberton I, we began our analysis with the assumption that wife was entitled to maintenance. "The only issue presented on appeal is whether the trial court erred in limiting its maintenance award to a period of one year." *Id* at 662. We concluded that an award of limited maintenance must be supported by evidence that the spouse receiving such maintenance will be self-supporting by the end of the limitation period. *Id.* at 662. After a careful review of the evidence this court reversed and remanded because very little of the evidence suggested that wife's health would improve within the one-year time period. Pemberton I specifically stated:

> While we have on numerous occasions simply reversed awards of limited maintenance, or modified the award to remove the limitation, we believe the trial court in this case may have been influenced in the amount of its award by the fact that the award was for a limited duration. Thus we remand the case to the trial court for a redetermination of the amount of maintenance.

*Id.* at 663.

Upon remand the court below heard no additional evidence but conducted an extensive review of evidence heard at trial, cases cited by this court in its opinion and additional cases discovered by the circuit court's own research. In his 12 page Find-

ings of Fact, Conclusions of Law and Order, the court below concluded that his earlier award of maintenance was in error and ordered that wife receive no maintenance. He attempted to reclassify his earlier award as a "cash award, payable monthly, in adjustment of property · division."

■ Appellant's first point upon appeal asserts that since Pemberton I had already determined maintenance was necessary the lower court erred in its order refusing maintenance to wife. Appellant concludes that the doctrine of the "law of the case" applies.

■ The general rule is that the decision of an appellate court is the law of the case on all points presented and decided and remains the law of the case throughout all subsequent proceedings. *Feinstein v. McGuire*, 312 S.W.2d 20, 23 (Mo.1958). Where a remand is with directions, a trial court is bound to render judgment in conformity with the mandate. *Keltner v. Harris*, 204 S.W. 561, 562 (Mo.App.1918). In addition, the trial court is without power to modify, alter, amend or otherwise depart from the appellate judgement. Its proceedings contrary to the directions of the mandate are "null and void." *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo.1960).

Our review of the Pemberton I opinion establishes that this court remanded for one specific purpose: "a redetermination of the amount of maintenance" *Pemberton v. Pemberton*, 756 S.W.2d 660, 663 (Mo.App. 1988). Indeed, this court specifically ratified the need for some level of maintenance. "There is no question that wife established her right to maintenance under § 452.335.1 RSMo 1986." *Id.* at 663.

The standard of review for this case is the oft-cited rule articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976): "The decree or judgment will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32. Clearly the trial court has erroneously declared and applied the law of this case. Thus this order cannot stand.

Appellant has also briefed a second point arguing that the trial court erred in refusing maintenance because evidence presented at trial supported the award. Because we hold that her right to maintenance is res judicata we see no need to discuss this issue again.

■ This court, upon review, has the authority to enter the judgement the trial court should have entered, *Kenny's Tile & Floor Covering, Inc. v. Currey*, 681 S.W.2d 461, 465 (Mo.App.1984), and we shall use that authority to make a final disposition of this case, Rule 84.14. The parties originally stipulated that during the pendency of the dissolution proceedings, husband would pay wife $250 per week maintenance. Husband's weekly take-home salary is only $437, however, giving wife over half of husband's earnings. Giving due regard to the standards for appellate review of a court tried case, Rule 73.01(c), we enter an award of permanent maintenance in the amount of $215 per week, which puts the parties on more equal footing. Specifically, we declare void the trial court's order refusing maintenance to appellant and modify his original order by granting permanent maintenance in the amount of $215 per week.

Judgment is reversed and modified.

All Judges concur.