**LAND IMPROVEMENT, INC., Appellant,**

v.

**John H. FERGUSON and Jack W. Isley, Respondents.**

**No. WD 44729.**

Missouri Court of Appeals, Western District.

April 28, 1992.

Ronald R. Holliger, Kansas City, for appellant.

E. Wayne Taff, Kansas City, for respondents.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Land Improvement, Inc., appeals from an order of the trial court entered in compliance with a mandate by this court. *See Land Improvement, Inc. v. Ferguson,* 800 S.W.2d 460 (Mo.App.1990) (*Land Improvement I*). In that case, we affirmed the trial court's decree of specific performance of an oral agreement to convey land in exchange for services but remanded the cause for the trial court to determine the property's specific legal description. Land Improvement argues that specific performance was an inappropriate remedy because it did not fully complete the parties' bargain. We affirm.

Partners John Ferguson and Jack Isley owned 25.57 acres of land in Liberty, Missouri, for commercial and industrial development. In exchange for dirt work on the property, Ferguson and Isley orally agreed to convey a 2.5 acre parcel to Land Improvement. In the first appeal, this court found that the parties agreed that services were to be rendered in exchange for 2.5 acres of land. We stated, "[O]n Land Improvement's appeal we affirm the judgment of the trial court, but remand for a specific description of the two an one-half acres entered into the record." On remand, the purpose of the hearing was to hear evidence on the property description.

The trial court made specific findings regarding the property's legal description. It also found that the property was landlocked and ordered a 25–foot–wide non-exclusive ingress-egress easement. In response to the court's findings, Ferguson and Isley tendered, on the record, a special warranty deed to the property. In this appeal, Land Improvement does not attack the sufficiency or accuracy of the legal description, but questions the appropriateness of the remedy of specific performance. In particular, Land Improvement argues that Ferguson and Isley should have platted the property and provided a more com-

plete and adequate easement. It also contends that the court should have ordered conveyance by a general warranty deed and, because the easement was non-exclusive, the court should have provided for maintenance and repair of the private roadway.

▆▆▆ Land Improvement asserts that this court has jurisdiction to review and reconsider its opinion affirming the grant of specific performance in *Land Improvement I.* We disagree. This court's decision in the first appeal is the "law of the case." It binds the trial court after remand and this court on a subsequent appeal. *Jenkins v. Wabash Ry. Co.,* 107 S.W.2d 204 (Mo.App.1937). "Where a remand is with directions, a trial court is bound to render judgment in conformity with the mandate," and it is without power to modify, alter, amend or depart from that mandate. *Pemberton v. Pemberton,* 779 S.W.2d 8, 10 (Mo.App.1989). Any proceedings contrary to the mandate's directions are null and void.

▆▆▆ While acknowledging these principles, Land Improvement argues that we should employ an exception in its case. It relies on *Trower v. Missouri–Kansas–Texas R. Co.,* 184 S.W.2d 428, 430 (Mo.1944), where the Supreme Court quoted *Davidson v. St. Louis–San Francisco Ry. Co.,* 301 Mo. 79, 256 S.W. 169, 170 (1923):

> [I]f this court
>
> upon second appeal finds that it was in error upon the first hearing, it not only has the power and right to correct such error, but it would be the duty of the court so to do, in the interest of justice. This is true whether we erred in the principles of law declared, or erred in the determination of what were the real facts of the case.

Land Improvement also argues that the general rules do not apply to any matters not decided in the first appeal, directly or indirectly or by implication. "Where the issues or evidence on retrial are different from those vital to the first adjudication and opinion, the law of the case does not conclude either the trial court or appellate court on remand." *Davis v. J.C. Nichols Co.,* 761 S.W.2d 735, 741 (Mo.App.1988).

The original opinion in the case disposed of the specific performance issue raised in this appeal. This case was remanded for one purpose—a legal description of the 2.5 acres—and all other issues were decided adversely to Land Improvement. The only issue which is a proper subject for this second appeal is whether the trial court entered an order which provided a legal description of the land as mandated by this court. Any evidence presented at the hearing which related to anything other than a specific legal description of the land was not properly before the court.

Further, in the first appeal, this court considered directly, indirectly or by implication those issues now raised by Land Improvement. Although Land Improvement raised the issue in its first appeal, it again contends that specific performance was not an appropriate remedy for Ferguson and Isley. We affirmed in the first appeal the trial court's judgment for specific performance. *Land Improvement I,* 800 S.W.2d at 463. Land Improvement also argues that the original oral contract was vague, ambiguous and indefinite, that platting was an essential term agreed to by the parties, that the land could not be platted, and that neither this court or the trial court considered the promises on both sides in determining whether specific performance was the appropriate remedy. All of these issues were raised in the first appeal and decided adversely to Land Improvement either directly, indirectly or by implication.

▆▆▆ However, even if these issues had not been raised in the first appeal, they would be barred by *res judicata.*

> The doctrine of *res judicata* provides that, where two actions are on the same cause of action, the earlier judgment is conclusive not only as to matters actually determined in the prior action, but also as to other *matters which could properly have been raised and determined therein.*

*Terre Du Lac Association, Inc. v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 212 (Mo.App. 1987) (emphasis added).

Thus, we conclude that *res judicata* and law of the case prohibit Land Improvement from challenging the grant of specific performance by the trial court and the affirmance of that decision by this court. Because we have reached this decision, it is unnecessary for us to reach Land Improvement's remaining points.

Judgment affirmed.

All concur.