Lorin L. **VAUGHN**, Respondent,

**Bryan W. Olmsted and Sherry L. Olmsted, Cross Appellants/Respondents,**

v.

**Irma WILLARD and Irma Hamilton Willard, Trustee Under the Original Revocable Living Trust Conveyance and Agreement of April 11, 1989, Appellant/Respondent.**

Nos. 23145, 23200.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 8, 2001.

Frederick W. Martin, III, West Plains, for Appellant.

Steven Privette, Willow Springs, for Respondent.

BARNEY, Chief Judge.

Appellant Irma Hamilton Willard, Trustee of the Malden Willard Trust, ("Defendant") appeals from an "amended judgment" for specific performance of a real estate sales contract in favor of Lorin L. Vaughn ("Plaintiff Vaughn"), involving a parcel of land located in Ozark County, Missouri. Defendant also appeals from a "second amended judgment" for specific performance of a real estate sales contract in favor of Bryan W. Olmsted and Sherry L. Olmsted, his wife ("Plaintiffs Olmsted"), also relating to several parcels of land located in Ozark County. Plaintiffs Olmsted also bring a cross-appeal from the trial court's denial of their petition for attorney fees, contending that under the terms of their real estate contract with Defendant that they were entitled to these fees.

■ "The standard of review of this court-tried case is governed by the princi-

ples set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Rone v. Reeves*, 20 S.W.3d 526, 527 (Mo.App.2000). "We shall affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or unless it erroneously declares or applies the law." *Id.; see Murphy*, 536 S.W.2d at 32; *In Re Estate of Looney*, 975 S.W.2d 508, 513 (Mo.App.1998). "[W]e accept as true the evidence and inferences therefrom that support the trial court's judgment and disregard contrary evidence." *Id.* " 'We keep in mind that a trial court is free to believe or disbelieve all, part, or none of the testimony of any witness.' " *Id.* (quoting *Crawford v. Detring*, 965 S.W.2d 188, 189 (Mo.App.1998)).

■ It is well settled that:

For specific performance to be granted in regard to property a technical, legal description is not a strict necessity. The contract in question must either designate or describe the land with accuracy and certainty or provide a way for the identification of that land to be perfected by parol evidence.

*Land Improvement, Inc. v. Ferguson*, 800 S.W.2d 460, 463 (Mo.App.1990); *see Herzog v. Ross*, 355 Mo. 406, 409, 196 S.W.2d 268, 270 (Mo. banc 1946); *see also Rone*, 20 S.W.3d at 529.

On June 5, 1998, Defendant held an auction sale of various items of personal property and several parcels of real estate. Plaintiffs Olmsted made the high bid of $56,500.00 on four parcels of land and Plaintiff Vaughn made the high bid of $12,500.00 for one parcel of land. On the same date Defendant, Plaintiffs Olmsted and Plaintiff Vaughn entered into separate contracts for the sale of real property.[1] Although closing of the Olmsted and Vaughn contracts was scheduled for Au-

---

1. The Olmsted sales contract provided for the sale of certain tracts of land by Defendant and described the land as parcels "1," "3," "4" and "6" and further described the approximate acreage of each parcel. The Vaughn

sales contract provided for the sale of "Parcel # 5 ... containing approx. 100 acres more or less...." Each contract was signed by Defendant.

gust 5, 1998, prior to that time Defendant sent a letter asking for a rescission of the contracts and none of the parcels were transferred by Defendant to any of the plaintiffs on the appointed date.

 In her sole point relied on, Defendant contends that the trial court erred in entering judgments for specific performance of the Olmsted and Vaughn sales contracts because the "descriptions of the land being sold in such contracts were not sufficiently definite and certain to allow a decree of specific performance...." She argues that neither contract contained a legal description, street address, or boundaries of the property, but instead referred only to a parcel number and the amount of acres involved. However, this Court need not review the contentions set out in Defendant's sole point because these contentions were never placed before the trial court for its consideration. "Issues raised for the first time on appeal are not preserved for review." *Seitz v. Lemay Bank and Trust Co.*, 959 S.W.2d 458, 462 (Mo. banc 1998). " 'It is a fundamental rule that contentions not put before the trial court will not be considered by the appellate court; an appellate court will not convict a trial court of error on an issue which was not put before it to decide.' " *Smith v. Associated Natural Gas Co.*, 7 S.W.3d 530, 534 (Mo.App.1999) (quoting *Strunk v. Hahn*, 797 S.W.2d 536, 549 (Mo.App. 1990)); *see also Boshers v. Humane Soc'y of Mo., Inc.*, 929 S.W.2d 250, 254 (Mo.App. 1996).

 In her respective answers to the Plaintiffs' respective petitions for specific performance of their real estate contracts, Defendant never raised the issue of the insufficiency of the description of the land to be sold. Instead, Defendant posed the affirmative defenses that: (1) she was vari-

ously "incompetent" to enter into any contract; (2) said contracts were entered "under duress"; (3) there was "inadequate consideration" for the contracts; and (4) she had "no authority" to enter into said contracts and that said contracts were "void." Rule 55.08, Missouri Court Rules (1999), required that a party "set forth all applicable affirmative defenses and avoidances...." Rule 55.08, Missouri Court Rules (1999); *see Jones v. Landmark Leasing, Ltd.*, 957 S.W.2d 369, 375 (Mo. App.1997). "Generally, failure to plead an affirmative defense results in the waiver of that defense." *Jones*, 957 S.W.2d at 375; *see also Weil v. Rigali*, 980 S.W.2d 89, 91 (Mo.App.1998).

 In a proceeding to construe an instrument, such as a real estate sales contract, the issues before the court are those raised by such pleadings. *See McDonald v. McDonald*, 814 S.W.2d 939, 947 (Mo.App.1991). Ideally, under such circumstances responsive pleadings should set forth the defendant's construction of the instrument. *See id.* Here, Defendant failed to raise the issue of the insufficiency of the legal description in her responsive pleadings. "A trial court's power to decide questions is limited to those matters presented in the pleadings or tried by express or implied consent." *AAA Uniform and Linen Supply, Inc. v. Barefoot, Inc.*, 17 S.W.3d 627, 630 (Mo.App.2000). In this Court's review of the record at trial, we ascertain no evidence bearing on the matter of the insufficiency of the legal description of the parcels of land in question. Accordingly, "we are not persuaded that the issue presented by this point was tried by the express or implied consent of the parties." *Sisk v. McIlroy and Assocs.*, 934 S.W.2d 567, 571 (Mo.App.1996).[2]

2. We note gratuitously that Mr. Jerry Anderson, a professional land surveyor, testified he had bought a tract of land located on Defendant's farm about three months before the auction sale. He acknowledged that at Defendant's request he drew a map to divide the remaining property up into six different tracts. He also testified that he gave Defendant "legals for each parcel." Ms. Sherry Olmsted testified that at the auction "they had the parcels all out on the map. Before each parcel, [the auctioneer] announced what parcel they were going to sell, [Defendant] came and talked about each parcel, described it,

■ Lastly, we observe that "[r]arely applied, the plain error rule is reserved for situations, not raised on appeal or properly preserved, when the court finds that manifest injustice or a miscarriage of justice has resulted therefrom." *King v. Unidynamics Corp.*, 943 S.W.2d 262, 266 (Mo.App.1997); *see* Rule 84.13. "Plain error does not occur when the trial court has conflicting evidence and legally substantial evidence exists, as in this case, that supports the trial court's determination." *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 340 (Mo. banc 1998). Point denied.

Turning to Plaintiffs Olmsted's cross-appeal, they argue that the trial court erred in not awarding them reasonable attorney's fees in the amount of $1,500.00, as specifically provided in the real estate sales contract entered into between them and Defendant. In support of their contention, they show that paragraph 14 of the real estate sales contract in question provided, "[i]f ... a suit is filed concerning this property or Contract against any party or agent under this Contract, or out of the sale or actions or representations of the sale, then the prevailing party in the litigation will be entitled to reasonable attorneys' fees and court costs." They maintain that they proved up and should be awarded reasonable attorney's fees in the amount of $1,500.00. We agree.

■ "Absent statutory authority or contractual agreement, each litigant, with few exceptions, must bear the expense of his or her own attorney's fees." *Link v. Kroenke*, 909 S.W.2d 740, 747 (Mo.App. 1995). "A trial court has broad discretion in awarding attorney's fees, and an award will be disturbed on appeal only upon a showing that the trial court abused that discretion." *Id.* "The setting of any such fee is also within the discretion of the court and should not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration." *Id.* However, "if a claim for attorney's fees is made under a provision of [a] contract, the trial court must comply with the terms set forth therein." *Garner v. Hubbs*, 17 S.W.3d 922, 930 (Mo. App.2000); *accord Howe v. ALD Servs., Inc.*, 941 S.W.2d 645, 652 (Mo.App.1997) ("[i]f a contract provides for the payment of attorney's fees in the enforcement of a contract provision, the trial court must award them to the prevailing party."). Here, Plaintiffs Olmsted presented evidence of their attorney expenses in pursuing their claim against Defendant. They were the prevailing party in their claim. Neither at trial nor on appeal did Defendant controvert any facet of Plaintiffs Olmsted's claim for attorney's fees. We conclude that the total lack of an award of attorney's fees is contrary to the clear terms of the parties' real estate sales contract and constitutes an abuse of discretion by the trial court. *Link*, 909 S.W.2d at 747. Under our power to "give such judgment as the court ought to give," Rule 84.14, Missouri Court Rules (2000); *Garner*, 17 S.W.3d at 930, we award Plaintiffs Olmsted attorney's fees of $1,500.00, payable by Defendant.

The amended judgment for specific performance in favor of Plaintiff Vaughn is affirmed; that portion of the second amended judgment for specific performance in favor of Plaintiffs Olmsted is amended to award Plaintiffs Olmsted attorney's fees in the amount of $1,500.00 payable by Defendant, and the second

---

described the boundaries, the whole bit and then they said they would auction it and then [Defendant] would have the right to refuse if she didn't like what it brought...." Mrs. Sally Anderson likewise testified that the auctioneer gave Defendant an opportunity to describe the property and generally give a sales pitch regarding the various parcels of land offered for sale. Mr. Lorin Vaughn testified that after he had made the high bid on a parcel of land at auction, he asked Defendant to "walk over there and show me this property that I thought I had purchased." She complied. According to Mr. Vaughn's testimony, at that time she made no complaints about the sale nor expressed any reservations about it and freely executed the sales contract thereafter.

amended judgment is affirmed as amended.

GARRISON, J., and DARNOLD, Sr. J., concur.