Sophie HARPER, Trustee for Norman Harper, and L. M. Shapiro, M.D., Respondents,

v.

Alexander J. BARKET, Appellant.

No. KCD 29174.

Missouri Court of Appeals, Kansas City District.

Oct. 11, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 31, 1977.

Michael B. Shteamer, Kansas City, for appellant.

Leonard B. Rose, David R. Frensley, William J. Shapiro, Kansas City, for respondents.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

WASSERSTROM, Judge.

This suit is to recover on two notes executed by the defendant. The trial court took the case from the jury and entered judgment for plaintiffs at the close of all the evidence. Defendant appeals.

The parties were the owners of stock in Staff Investment Company which owned two doctor buildings in the 700 block on East 63rd Street, Kansas City, Missouri. In 1972, defendant purchased the shares of all four of the other stockholders, making part payment by certain notes. Those notes to plaintiffs were later superseded by the promissory notes now in suit, which came due May 31, 1974.

Defendant admits execution of the notes, non-payment at the due date, due demand by plaintiffs, and failure by him to pay. He nevertheless attempts to defend on the basis of alleged fraud on the part of the sellers. At the trial, he offered to testify that the buildings at the time of sale had been mismanaged and poorly maintained; that a large new medical building nearby was being proposed at the time of the stock purchase; that a number of important tenants in the Staff Investment Company building had given letters of intent to take leases in the proposed new medical building; that many of the leases in the Staff Investment Company building had expired; that plaintiffs knew of the foregoing facts but that defendant was not active in the management of Staff Investment Company and was unaware of those facts; that the sellers of the stock had displayed to him rent rolls of tenants in the building which were misleading; that the Staff Investment Company building by reason of the facts mentioned was of much less value than defendant believed at the time of his purchase; and that he would not have made said purchase had he been aware of the true facts.

Plaintiffs objected to that offer of proof on the grounds that: (1) fraud was not adequately pleaded under Rule 55.15; and (2) defendant had neither tendered back the stock purchase consideration nor counterclaimed for damages and therefore had not properly invoked either of the two alternative remedies available in a case of fraud. Defendant contends that the sustaining of that objection by the trial court was im-

proper, that the jury should have been permitted to hear the evidence, and that the issue of fraud should have been submitted to the jury.

 With respect to the first ground of objection, Rule 55.15 provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Defendant's answer as it relates to fraud states only: "As an affirmative defense, the defendant states that material misrepresentations were made to him by the plaintiffs which induced said defendant to execute the promissory notes." That allegation is far from the pleading with particularity enjoined by Rule 55.15. Detailed consideration of this matter is unnecessary, however, because the defense of fraud so clearly fails under plaintiffs' second objection.

When a purchase has been induced by fraud, the buyer has two alternative remedies: (1) he can rescind the purchase and recover the purchase price, or (2) he can affirm the purchase and seek damages for the tort. Both parties agree that the following quotation from *Auffenberg v. Hafley*, 457 S.W.2d 929, 1. c. 935 (Mo.App.1970), correctly states the controlling principle:

"Where a seller has been guilty of fraud, the purchaser, upon discovery of the fraud has an election of two remedies. Under one he may make a timely rescission of the sale and recover whatever of value he has parted with. Under the other, he may keep the property and recover, by suit or counterclaim, the damages occasioned him by the fraud. The victim of a fraud may elect to pursue one of the remedies, but once having elected, he may not pursue or attempt to intermingle the remedies, for they are wholly inconsistent, the first being a disaffirmance of the contract and the last being an affirmance. An offer to rescind is a repudiation of all right and title to the property and the basis of the right to rescind is a tender of the property back to the seller with reasonable promptness after discovery of the fraud."

Here, by his own admission, defendant did not tender back to the sellers the stock which he had purchased. Neither did he file any counterclaim. Not having properly followed either course open to him to raise the issue of fraud, there was nothing for submission to the jury.

Affirmed.

All concur.