Ronald L. and Betty J. TIMMONS, Appellants,

v.

William M. BENDER and Ruby C. Bender and Fred Painter & Co., Respondents.

No. WD 31108.

Missouri Court of Appeals, Western District.

July 8, 1980.

Martin M. Montemore, Timothy H. Bosler, Liberty, for appellants.

C. David Whipple, Julie Lynn Fry, Whipple, Eisler & Kraft, Kansas City, for Benders.

William D. Adkins, Adkins & Capps Law Firm, Liberty, for Fred Painter & Co.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The plaintiffs Timmons sued for actual and punitive damages for fraud in a real estate transaction. The defendants Bender as sellers and the defendant Painter as broker move for summary judgment on the ground that the plaintiffs had elected the remedy of rescission. The court entered summary judgment on the petition and the plaintiffs appeal.

The motion for judgment was heard by the court on arguments and evidence. The defendants presented the deposition testimony of the parties to support the motion. The plaintiffs rested on the effect of the petition as claims for fraud. The evidence of transaction is not in dispute, but only the legal effect of the conduct as an election by the plaintiffs to rescind the real estate contract and thus as a conclusive choice of remedy.

The plaintiffs contracted to purchase a lot and home from the defendants. They deposited $500 on the transaction with broker Painter. A preliminary title report disclosed that an appropriation of land for a highway right of way encroached upon the boundary lines of the conveyance. When doubt as to the property line became apparent, the plaintiffs attempted to purchase the property at a reduced price. Then, when the defendant sellers refused the extent of reduction, the plaintiff purchasers requested return of the $500 deposit, which was concluded promptly. In addition, the defendants reimbursed ·to the plaintiffs some $100 for attendant expenses.

The petition of the plaintiffs comes in three counts: each claim pleads fraud and seeks actual and punitive damages, against the sellers Benders, against the broker Painter, and against both the Benders and Painter as conspirators. The gist of the fraud was a misrepresentation by the Benders through agent Painter that they owned the fee to the entire lot [subject of the transaction] when the Benders had already negotiated settlement with the Missouri Highway Department to deed a portion of that land for a right of way. The plaintiffs plead that the fraudulent misrepresentation induced the agreement to the land purchase. In separate answers, each defendant denied the allegations of the claim. In separate crossclaims, each defendant pleaded a liability over against the other defendant in

the event of an adverse recovery by the plaintiff.

The appeal contends that the petition pleads a cause of action for fraud and so presents genuine issues of fact which preclude the entry of summary judgment. The petition as a cause of action for fraud becomes irrelevant, however, if at the time of suit the plaintiffs already consummated a remedy inconsistent with the claim of the pleading.

■ The doctrine of election of remedies precludes a claimant from the aid of a court for recovery upon two contradictory principles from the same matrix of facts. *Davis v. Hauschild*, 243 S.W.2d 956, 959[2–4] (Mo.1951). The doctrine rests upon the policy that a litigant may not insist to the court the truth of inconsistent positions, merely to suit an interest. *United States Fidelity & Guaranty Co. v. Fidelity Nat. Bank & Trust Co.*, 232 Mo.App. 412, 109 S.W.2d 47, 48[3–6] (1937). That rule of estoppel operates only when the claimant follows a repugnant theory of recovery to an ultimate end as by judgment or the intervention of a right. *Trimble v. Wollmann*, 71 Mo.App. 467, 485 (1897). Thus [*Johnson-Brinkman Commission Co. v. Missouri Pac. Ry. Co.*, 126 Mo. 344, 28 S.W. 870, 872 (1894)]:

> where a party has the right to pursue one of two inconsistent remedies, and he makes his election, and institutes his suit, that in case the action thus begun is prosecuted to final judgment, *or the plaintiff has received anything of value under a claim thus asserted, he cannot thereafter pursue another and inconsistent remedy.* [emphasis added]

■ An inducement to contract by a fraudulent misrepresentation gives rise to the alternative remedies of rescission or damages for tort. *Auffenberg v. Hafley*, 457 S.W.2d 929, 935[13–15] (Mo.App.1970).

A rescission disaffirms the contract but an action for damages affirms the contract. An action on one theory must allege what an action on the other theory must deny, and so is opposite to the other. *Mills v. Keasler*, 395 S.W.2d 111, 116[3] (Mo.1965); 25 Am.Jur.2d, *Election of Remedies* § 11 (1966). A mere petition to sue on one theory does not constitute an election on another [*Mills v. Keith Marsh Chevrolet, Inc.*, 549 S.W.2d 604, 608[5–7] (Mo.App.1977)] nor does an offer for a remedy without exchange of value abandon access to another but inconsistent recovery. *Marquis v. Pettyjohn*, 212 S.W.2d 100, 104[5] (Mo.App. 1948).

■ The plaintiffs gave replete admissions by deposition that they agreed to rescind the contract to purchase the property. This conduct was after full information that the title to the land was imperfect and not as contemplated by the terms of conveyance.[1] They took back the deposit money and were reimbursed for expenses [albeit not to the full amount of the claim]. A contract may be rescinded by agreement upon consideration. A rescission consummated results in abandonment of right under the contract. *Transportation Equipment Rentals v. Strandberg*, 392 S.W.2d 319, 322[1–4] (Mo.1965). In the case where the agreement to rescind the contract is to avoid fraud, the tort-feasor must tender the return of all benefit for the release of obligation to perform. *Auffenberg v. Hafley*, supra, l.c. 935[13–15]; *Meisel v. Mueller*, 261 S.W.2d 526, 534[9–13] (Mo.App.1953).

■ The defendants returned the full benefit received under the contract—the deposit for $500—and so met the condition for repudiation of any obligation from the terms of agreement. The acceptance of these funds by the plaintiffs consummated the rescission and any claim of right under

---

1. Among the undisputed iterations of the rescission was by the deposition testimony of plaintiff Ronald Timmons:

> "Q. Well I mean he said there had been a mistake in the boundary lines and you were not getting what you thought you were getting, is that right?

> A. Right. Fred [Painter] wasn't at fault there.
> Q. So everybody was mutually agreed that the contract was being terminated, it wouldn't be closed?
> A. Yes."

the contract for damages. The change of theory thereafter, from rescission and disaffirmance of contract to damages and affirmance of contract, therefore, works a legal detriment to the defendants and is precluded by the defense of election and the equity of an estoppel in pais. *Waugh v. Williams*, 342 Mo. 903, 119 S.W.2d 223, 225–226[2–6] (1938).

The summary judgment rests on admissions evidence uncontradicted by response. Rule 74.04(e). The judgment is affirmed.

All concur.