KENNETH D. CORWIN, LTD., a corporation, d/b/a Plastic and Reconstructive Surgery, Inc., Plaintiff-Respondent,

v.

MISSOURI MEDICAL SERVICE, a corporation, Defendant-Appellant.

No. 48398.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 8, 1985.

Henry J. Mohrman, St. Louis, for defendant-appellant.

Gerald J. Bamberger, St. Charles, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a civil action for damages for breach of contract in which the trial court entered Summary Judgment in favor of plaintiff and against defendant and denied defendant's Motion for Summary Judgment. This appeal involves the determination of the parties' rights and obligations under certain contracts relating to health services. We affirm.

Defendant, Missouri Medical Service, is a nonprofit membership corporation organized under Chapter 352 and licensed as a health service corporation under Chapter 354 of the Revised Statutes of Missouri. It operates a health service plan known as the Blue Shield Plan under which prepaid medical, surgical and related health services are furnished to subscribing members in accordance with programs chosen by such subscribers.

Kenneth D. Corwin, M.D. (hereinafter referred to as Dr. Corwin) is a licensed physician and surgeon specializing in plastic surgery, who on December 12, 1975 applied for registration as a participating physician member of defendant. He was accepted as such on or about December 29, 1975. On January 29, 1976, Dr. Corwin formed a professional corporation known as Kenneth D. Corwin, Ltd.

Larry J. Thieret (hereinafter referred to as Thieret) at all relevant times was a member of the Missouri Farm Bureau Federation which sponsored a health care program called the "Deluxe Option," consisting of three separate contracts which were (1) a contract for hospital services only issued by Blue Cross Hospital Service, Inc., of Missouri, (2) a contract for surgical services issued by defendant, and (3) a contract for Major Medical expense issued jointly by defendant and Blue Cross Hospital Service, Inc. of Missouri.

On December 19, 1977, Dr. Corwin performed a surgical operation upon Thieret for a facial deformity for which Dr. Corwin charged a fee of $3,215.00. On January 28, 1978, Dr. Corwin reported this operation and the charge to defendant. He submitted with his service report an operative report disclosing that he had performed four separate procedures, three to the eye area and one to the nose area. Defendant determined that the maximum benefit under its contract for surgical services was $503.00 and accordingly defendant paid Dr. Corwin $503.00 on June 22, 1978.

Meanwhile, Thieret applied to the Major Medical Department of Blue Cross Hospital Service, Inc. of Missouri and defendant for major medical benefits due to him under his contract for major medical expense. The Major Medical Department determined that Thieret was entitled to $2,169.60 which was paid to him on June 30, 1978. This payment was based upon the belief that Thieret had fully paid plaintiff for its services. However, Thieret had made no payment to plaintiff and on October 20, 1980, Thieret filed a voluntary petition in bankruptcy scheduling plaintiff as a creditor. Thieret's debt owed to plaintiff was duly discharged on August 7, 1981.

Plaintiff began this action on May 2, 1980 under the style of Plastic and Reconstructive Surgery, Inc. alleging that plaintiff was entitled to recover from defendant a payment of $2,169.60. On March 10,

1981 plaintiff was granted leave to amend its name to Kenneth D. Corwin, Ltd., a corporation, d/b/a Plastic and Reconstructive Surgery, Inc.

Defendant relied upon the provisions of the applicable contracts and denied any obligation to make the payment demanded by plaintiff.

The trial court entered judgment for plaintiff on November 14, 1983 in the amount of $2,169.60 · with interest and costs. On November 28, 1983, defendant filed a Motion for New Trial, which was denied on February 24, 1984. From the denial of that motion this appeal was taken.

Defendant's first point on appeal alleges the trial court erred in holding that plaintiff, Kenneth D. Corwin, Ltd., a corporation, d/b/a Plastic and Reconstructive Surgery, Inc. acquired any rights against defendant from Dr. Corwin because the contract between Dr. Corwin and defendant was for personal services, and as such, was not assignable without consent of both parties.

The standard of review of a summary judgment is the same as that of a case tried by the court. *City of Kirkwood v. City of Sunset Hills*, 589 S.W.2d 31, 34 (Mo.App.1979). The judgment of the trial court will be affirmed unless the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ It is well recognized that in a contract for personal services, which involves special knowledge, skill or a relation of personal confidence, the duty to perform is not assignable without the consent of both parties. *Sympson v. Rodgers*, 406 S.W.2d 26, 30 (Mo.1966); Corbin on Contracts, One Volume Ed. 804, 805. However, the right to receive money due or to become due under a contract, is not personal in nature, and as a general rule is assignable. C.J.S., Assignments § 19 p. 613.

■ Plaintiff's affidavit of Dr. Corwin in support of plaintiff's Motion for Summary Judgment specifically stated that "on January 29, 1976, affiant formed a Missou-

ri professional corporation, Kenneth D. Corwin, Ltd. and from that date forward all accounts receivable for medical and surgical services of affiant were the property of said corporation." This was sufficient evidence for the trial court to find that on January 29, 1976, plaintiff had been assigned Dr. Corwin's rights to accounts receivable. While the debt owed to Dr. Corwin by defendant for services rendered did not accrue until December 19, 1977, this fact is of no significance. Dr. Corwin was not assigning his duty to perform personal services but was assigning his right to receive payments in the future. The assignment of a right to receive future payments does not violate the policy against assignment of a duty to perform personal services. The trial court did not err in holding that plaintiff acquired Dr. Corwin's right to receive future payments.

Defendant's next two points allege the terms of Dr. Corwin's contract limited benefits and payments to those actually provided. Defendant's contentions are without merit.

Dr. Corwin's contract was in the form of an application to defendant for registration as a participating physician. The contract provided in relevant part:

I understand that the services to be rendered by the Participating Physician under the plan shall be *limited to such medical, surgical and other professional health care services as are covered by the Corporation's agreement with each representative subscriber.* It is understood and agreed that *the corporation shall pay directly to the Participating Physician compensation for medical, surgical and other health care services as specified in the Subscriber's Certificate of Membership.* (Emphasis added).

Dr. Corwin's contract specifically provides for direct payment for services which are covered by defendant's agreement with each representative subscriber. Kathryn Nieburg, Manager of the Claims Review Department of defendant, testified by affidavit that Thieret's agreement known as the "Deluxe Option" provided:

(1) Hospital Services by Blue Cross Hospital Services, Inc.;

(2) Medical-surgical Services by defendant;

(3) Major medical expenses jointly made by defendant and Blue Cross Hospital Service, Inc.

Defendant approved $503 from the total charge of $3,215 for medical-surgical services as provided by (2). Nieburg testified that the remaining $2,712 was covered under Thieret's contract for major medical expenses. Thus there is no dispute that the medical services were covered by the "Deluxe Option."

Defendant, however, argues that Thieret's Major Medical Expense Contract was separate from the physician contract and as such, Dr. Corwin was not entitled to payment. Defendant's also argues that the Major Medical contract provided that "all indemnities will be payable to the member."

We note, and defendant agrees, that the two contracts are separate. It is because they are distinct that we disagree with defendant's contention. The physician contract specifically requires the appellant to pay directly to the participating physician compensation for medical, surgical and other health care services as specified in the subscriber's contract. The subscriber's contract provided for medical expenses and we conclude that plaintiff is entitled to those medical costs under the physician contract. We need not address defendant's liability to the employee's claim under the contract with the defendant since that issue is not before us.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.