Mary PAGE, Plaintiff/Appellant,

v.

ASSOCIATED COURIERS, INC., American Dispatch Corporation, and George Hasapis, Defendants/Respondents.

No. 63185.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 28, 1993.

W. Morris Taylor, William K. Meehan, Clayton, for plaintiff/appellant.

William Sitzer, Dubail, Judge, Kilker, O'Leary & Smith, St. Louis, for American Dispatch Corp. & Assoc. Carrier.

George Hasapis, pro se.

CRANE, Presiding Judge.

Plaintiff, Mary Page, brought an action against her former husband, George Hasapis, American Dispatch Corporation (American) and Associated Couriers, Inc. (Associated) for breach of contract, imposition of a constructive trust, and a declaratory judgment. Page claimed that Hasapis owed her certain monies he received from the sale of Ameri-

can to Associated, and that under a purported assignment American and Associated were obligated to pay those monies to her if Hasapis failed to do so. The trial court entered judgment in favor of defendants American and Associated after a bench trial on the two equitable counts, and subsequently entered summary judgment in favor of American and Associated on the remaining contract count.[1] Page appeals from these judgments.

## FACTUAL BACKGROUND

Hasapis and Page were married in 1974 and started American in 1978, using marital assets. Page was issued 8,000 shares of stock in American. Page filed a petition for dissolution of marriage in August, 1985.

While the dissolution case was pending, on October 3, 1985, Associated entered into an agreement entitled Sale Contract (denominated "Agreement" by the trial court) with Hasapis and American. The Sale Contract provided that Associated would purchase all of American's stock for $100,000, payable to Hasapis in forty-eight monthly installments. Associated further agreed to pay Hasapis $250,000, in exchange for Hasapis' covenant not to compete for a four-year period. Of this amount, twenty thousand was to be paid at closing and the balance was to be paid in forty-eight monthly installments. The contract further provided:

> All liabilities paid by the Company or on behalf of the Company or by any other individual or entity over and above Two Hundred Thousand Dollars ($200,000.00) shall be credited against said purchase price and compensation for the aforesaid restrictive covenant....

These liabilities were established at $375,000.00. Accordingly, the total purchase price was established as follows:

| | |
|---|---|
| Stock purchase: | $100,000.00 |
| Restrictive Covenant: | $250,000.00 |
| Gross purchase price: | $350,000.00 |
| Credit for liabilities in excess of $200,000 ($375,000 less $200,000): | $175,000.00 |
| Net adjusted purchase price: | $175,000.00 |

The court found Associated paid Hasapis the sum of $175,000.00 under the Sale Contract in installments from October 3, 1985 through February 2, 1989.

Prior to the execution of the Sale Contract, American's directors and stockholders held a joint meeting at which the stockholders, including Hasapis and Page, redeemed their corporate stock, and Hasapis and Page resigned all corporate offices and positions. The stockholders and directors also unanimously executed a corporate resolution to approve and ratify the terms of the Sale Contract. Page was represented by counsel at the time she redeemed her stock in American and approved Associated's stock purchase.

Also on October 3, 1985 Page and Hasapis executed a separate agreement, bearing the style of their dissolution case, which recited that "in addition to the purchase price for the stock of said corporation [Hasapis] will continue to be employed by the purchasers of said corporation as a consultant, all as more fully set forth in said Sale Contract." This agreement further provided that the parties agreed that Page would "receive one-half of all net payments made to [Hasapis] as a consultant" and if Hasapis failed to pay, "this Agreement shall serve as an assignment, and [Page] shall have the right to demand payment directly from Associated Couriers, Inc., or its assign." This agreement was denominated "Assignment" by the trial court and will be referred to hereafter as the Page–Hasapis agreement.

Although the Page–Hasapis agreement purported to assign an interest in consulting fees, the Sale Contract did not provide for Hasapis to be employed or to receive payments as a consultant. Associated never made any payments to Hasapis as a consultant.

The decree dissolving the parties' marriage was entered in August, 1986. The dissolution court found that Page and Hasapis each

---

1. The trial court also entered judgment in favor of Page against Hasapis on all three counts. This judgment is not a subject of this appeal.

owned forty two percent of American stock. The court also found that Page and Hasapis had each received and had arranged with each other that they would continue to divide and take equal shares from the American sale proceeds.

Hasapis made payments to Page totalling $44,456.00 until March 11, 1987. In April, 1987 Page telephoned an Associated employee and requested Associated to pay her one-half of what was being paid to Hasapis. Associated refused. Associated made its last payment to Hasapis on February 2, 1989.

### TRIAL COURT PROCEEDINGS

On January 31, 1989 Page filed a multi-count action in equity and law against the three defendants to recover one-half of the amounts Associated paid Hasapis. The constructive trust and declaratory judgment counts were tried to the court on March 12, 1992, the breach of contract count being reserved for jury trial. On April 2, 1992 the trial court entered its Findings of Fact, Conclusions of Law and Decree on those counts. On the basis of the dissolution decree, the trial court found Hasapis obligated to pay Page one-half of the sale proceeds he received from Associated.

However, the trial court found that defendants American and Associated had no liability to Page under any theory. It found no liability under the Sale Contract because the Sale Contract provided that Associated would make payments only to Hasapis. It found no liability under the Page–Hasapis agreement because American and Associated were not parties to the Page–Hasapis agreement and had no timely notice of this agreement. The court further found the Page–Hasapis agreement purported to assign consulting fees which had never been paid or incurred, it had not been filed with the court or served pursuant to §§ 452.350 or 432.030, and it was a partial assignment which plaintiff could not enforce against American or Associated. The trial court also found that Associated and American could not be liable to Page under the terms of the dissolution decree because they were not parties to that case and had no notice or opportunity to be heard. Subsequently, on April 13, 1992, American

and Associated filed a motion for summary judgment on the remaining breach of contract count. After a hearing, the trial court granted summary judgment on June 10, 1992 finding that the claim had been resolved by the April 2 order. Page appeals both judgments in favor of American and Associated.

### APPEAL

For her sole Point Relied On, Page asserts that the trial court's findings denying her the right to enforce the "Assignment" against American and Associated were against the weight of the evidence and erroneously declared and applied the law.

■ The point relied on does not comply with Rule 84.04(d) because it fails to state "wherein" and "why" the actions of the trial court were erroneous. *Thummel v. King*, 570 S.W.2d 679, 684–687 (Mo. banc 1978). If a point relied on fails to comply with Rule 84.04(d), nothing is preserved for review. *Draper v. Aronowitz*, 695 S.W.2d 923, 923–24 (Mo.App.1985).

■ Further, Page has failed to comply with Rule 81.12. Although she challenges the sufficiency of the evidence, she filed a partial trial transcript which only contained the evidence presented in plaintiff's case and omitted all of defendants' evidence. An appellant is required to furnish a transcript containing a record of the proceedings which the appellant seeks to have reviewed. *Cooper v. General Standard, Inc.*, 674 S.W.2d 117, 122 (Mo.App.1984). In the absence of such a record the appellate court has nothing to decide. *Id.* Notwithstanding the failure of the Point to comply with the rules, we have *ex gratia* considered the issues argued in the brief to determine if there was plain error. We find none.

■ Page first argues the trial court made inconsistent findings when it determined, on one hand, that Hasapis and Page had agreed in their dissolution of marriage case that each was entitled to an equal 42% share of proceeds of the American stock sale and that Page was accordingly entitled to one-half of all amounts which Hasapis received under the Sale Contract, but, on the other hand, that neither the dissolution decree nor the

Page–Hasapis agreement were binding on American and Associated. Page does not explain why she believes these findings are inconsistent and we find no inconsistency. Associated and American were not parties to the dissolution or the Page–Hasapis agreement. There is no inconsistency in finding Hasapis was obligated to pay Page one-half of the Sale Contract proceeds on the basis of the dissolution decree, and not finding Associated and American so obligated when they were not parties to the decree or the Page–Hasapis agreement.

Secondly, Page argues that the court incorrectly characterized the amount she was entitled to recover from Hasapis as personal service fees rather than monthly installments of the sale price. She argues that this incorrect characterization conflicts with the court's finding that she was entitled to a portion of the proceeds of the sale. There is no inconsistency. The trial court determined that under the dissolution decree Page was entitled to an equal share of American's sale proceeds. However, this does not mean that the trial court had to interpret the Page–Hasapis agreement to cover sale proceeds when it unambiguously referred only to consulting fees.

Page next argues that the court erroneously declared the law in finding the assignment unenforceable against Associated and American, and argues various theories why an assignment under certain circumstances can be enforceable. Page's arguments wholly lack merit because they rest on an assumption that the Page–Hasapis agreement is otherwise an enforceable assignment against Associated and American. Page's arguments ignore the fact that the Page–Hasapis agreement assigned consulting fees, which Associated and American never incurred. It further ignores and fails to address the fact that the assignment was a partial assignment which, under the last controlling case of the Missouri Supreme Court, is not enforceable without the debtor's consent. *Webster v. Sterling Finance Co.*, 351 Mo. 754, 173 S.W.2d 928, 931 (Mo. banc 1943). *See also Stewart v. Kane*, 111 S.W.2d 971, 975 (Mo. App.1938); *Pickett v. School District of Kansas City*, 193 Mo.App. 519, 186 S.W. 533, 536

(Mo.App.1916); I Mo. Civil Actions, § 8.116 (Mo.Bar 2d ed. 1993). Page cites *Kenneth D. Corwin, Ltd. v. Missouri Medical Service*, 684 S.W.2d 598 (Mo.App.1985) on this issue. However, this case concerns assignments of the right to receive future contract payments and does not address partial assignments.

Finally, Page asserts American and Associated are bound by the Page–Hasapis agreement because they received notice of it as early as April, 1988. Even if the Page–Hasapis agreement would meet the other requirements of an enforceable assignment against Associated and American, this argument has no merit. The evidence supports the trial court's finding that Associated and American were not bound because they did not receive timely notice. There was substantial evidence that Page asked Associated for payments in a telephone conversation but did not advise Associated of an assignment. The witness for Associated testified neither he nor the company received or saw a copy of the assignment until after the lawsuit was filed. Even if there was conflicting evidence, we accept all evidence and inferences favorable to the judgment and disregard all contrary inferences. *Behen v. Elliot*, 791 S.W.2d 475, 476 (Mo.App.1990).

Page has not identified any error, plain or otherwise, to support reversal of the trial court's April 2 judgment. Further, Page has not identified any reason, except the alleged invalidity of the April 2 judgment, to challenge the June 10 judgment. The judgments of the trial court are affirmed.

KAROHL and CRAHAN, JJ., concur.