Teri A. JOHNSTON,
Petitioner/Respondent,

v.

Michael A. JOHNSTON,
Respondent/Appellant.

No. 71646.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 23, 1997.

Michael A. Johnston, Bridgeton, pro se.

Teri A. Johnston, Wildwood, pro se.

RHODES RUSSELL, Judge.

Husband appeals from an October 30, 1996 order and judgment dissolving his marriage from wife. Husband contends that the trial court erred in its distribution of the marital property and debts and in its award to wife of retroactive child support and attorney's fees. We dismiss the appeal for husband's failure to comply with Rules 84.04(d) and 81.12.

In order to preserve an argument for appellate review, a point relied on must state the trial court's action or ruling which is in dispute, why it was erroneous, and what was before the trial court that supports the appellant's argument. *Goodson v. Simpelo,* 918 S.W.2d 324, 326 (Mo.App.1996). In addition, an appellant must cite authority in support of his points relied on, or a rationale must be given explaining why such authority is unavailable. *Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App.1996). If a point relied on fails to comply with Rule 84.04(d), nothing is preserved for review. *Page v. Associated*

*Couriers, Inc.,* 868 S.W.2d 138, 140 (Mo.App. 1993).

Further, husband has failed to cite any authority in support of his points relied on, nor has he explained why authority is not available. His points relied on consist of mere allegations of error without stating why the trial court's actions were erroneous or what evidence was before the trial court that supports his contentions. Therefore, husband's points relied on are abandoned. *Luft,* 935 S.W.2d at 687.

Finally, husband has not provided us with a transcript of the proceedings in the trial court as required by Rule 81.12. His failure to comply with Rule 81.12 makes it impossible for us to review his case *ex gratia.* In the absence of the record of proceedings, the appellate court has nothing to decide. *Page,* 868 S.W.2d at 140. Without any record, we cannot review for abuse of discretion.

Although husband is *pro se,* he is bound by the same rules of procedure as are lawyers, and is not entitled to any indulgences he would not have received if represented by counsel. *Id.*

Appeal is dismissed.

CRANE, P.J., and JAMES R. DOWD, J., concur.