Janice LITTLE, Plaintiff–Respondent,

v.

Morgan M. MORRIS and Lottie
N. Morris, Defendants–
Appellants.

No. 21888.

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1998.

Michael Dehner, Jefferson City, pro se.

**686**

Christopher P. Rackers, Hendren and Andrae, L.L.C., Jefferson City, for Appellant.

W. Gary Drover, Camdenton, for Respondent.

MONTGOMERY, Chief Judge.

Defendants Morgan and Lottie Morris (Sellers) appeal the trial court's judgment finding for Plaintiff Janice Little (Buyer) on Count I of her petition alleging fraudulent misrepresentation. By its amended judgment, the trial court awarded Buyer damages of $11,000 on Count I. We affirm the judgment except for the damage award. That portion of the judgment is reversed, and the cause is remanded for retrial on the issue of damages.

In the summer of 1992, the parties agreed that Sellers would build a "Wick Home" for Buyer.[1] Buyer took possession of the home in October 1992, and the parties closed on the sale of the home on January 16, 1993. The sale price was $66,769.16.

Buyer filed her petition against Sellers on September 9, 1993. Count I alleged a theory of fraudulent misrepresentation. Specifically, Buyer alleged that Sellers represented they would construct a "Wick Home" for her but failed to do so.

At the non-jury trial, Buyer introduced evidence of various construction defects in

her home. Buyer testified she spent $3,154 in improvements and $1,364.53 for repairs on the home. In January 1997, Buyer sold the home for $65,000.

Sellers' sole point relied on alleges the trial court erred in awarding damages of $11,000 because no substantial evidence supports the award. Specifically, Sellers assert that Buyer failed to introduce evidence "of what the residence would have been worth had it been a Wick Home or of the residence's actual worth on the" date of purchase.

The trial court's judgment will be sustained on appeal "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Because neither party requested findings of fact by the trial court, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(3).

▪ "In Missouri, a victim of fraud has two options—he can return what he purchased and get his money back (recission), or keep what he purchased and sue for damages measured as the difference between its value as represented and its true value as of the date of purchase (benefit of the bargain)." *Harris v. Union Elec. Co.*, 766 S.W.2d 80, 86 (Mo. banc), *cert. denied*, 492 U.S. 919, 109 S.Ct. 3245, 106 L.Ed.2d 592 (1989). Thus, "[t]he measure of damages in a fraud case where the defrauded party retains the property—and in the absence of special damages—is the benefit of the bargain." *Kincaid Enterprises, Inc. v. Porter*, 812 S.W.2d 892, 900 (Mo.App.1991). Clearly, the damages are measured at the time of the transaction. *Sunset Pools of St. Louis v. Schaefer*, 869 S.W.2d 883, 886 (Mo.App.1994). Finally, a defrauded party may recover special damages necessarily incurred solely by reason of the fraud. *Miller v. Higgins*, 452 S.W.2d 121, 125 (Mo.1970).

▪ Application of these principles to the instant case makes it clear that Buyer's dam-

---

1. The briefs filed here do not describe a "Wick Home." Because Sellers apparently concede they did not build such a home, the definition is not relevant to the only issue presented.

age award is not supported by substantial evidence. Buyer failed to offer evidence on the value of her home as it was represented to be and its true value as of the date of purchase. Buyer only testified as to the purchase price of her home and as to the sale price four years later. Although the purchase price may have been some evidence of the the home's value as represented (Buyer apparently believed it was a Wick Home at closing), the record is devoid of any evidence concerning the actual value of the property at closing.

We agree with Buyer's contention that under certain circumstances, a defrauded party may recover special damages in addition to any loss under the benefit of the bargain rule. A case so holding is *Hanes v. Twin Gable Farm, Inc.*, 714 S.W.2d 667, 673 (Mo. App.1986). However, even if we assume that some, if not all, of Buyer's expenditures on the home were special damages "incurred solely by reason of the fraud," the damage award far exceeded the amount Buyer expended for "repairs" and "improvements." [2]

The judgment is affirmed except for the damage award. That portion of the judgment is reversed, and the cause is remanded for retrial on the issue of damages.

PARRISH, P.J., and SHRUM, J., concur.

---

2. We do not intend to imply that any portion of Buyer's expenditures on the home were special damages. The amount of special damages, if any, can be determined by the trial court upon retrial. The *Hanes* case provides guidance on this issue.