No. 74209.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1998.

■

**Suzanne BEAUCHAMP, f/k/a Suzanne Lusch, Appellant,**

v.

**Lawrence J. LUSCH, Respondent.**

No. 73822.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 3, 1998.

Edward M. Vokoun, St. Louis, for employer-Insurer-appellants.

Thomas Joseph Gregory, St. Louis, for claimant-respondent.

Before SIMON, P.J., and CRANE and LAWRENCE E. MOONEY, JJ.

### ORDER

---

Suzanne Beauchamp, f/k/a Suzanne Lusch, O'Fallon, pro se.

Lawrence J. Lusch, St. Louis, pro se.

Before JAMES R. DOWD, P.J., and CRAHAN and RICHARD B. TEITELMAN, JJ.

PER CURIAM.

Susan Lusch, n.k.a. Susan Beauchamp ("Mother"), appeals *pro se* that portion of the trial court's judgment holding her in contempt and fining her $10,000 for altering videotapes of her daughter that the dissolution decree required her to turn over to Father for copying. On appeal Mother asserts two points of error, both of which challenge the sufficiency of the evidence to support the award either as civil or criminal contempt.[1] Mother, however, failed to file a transcript of the contempt hearing. Without a transcript, it is impossible to evaluate the

---

1. In addition to the $10,000 fine, the court ordered Wife to pay the following amounts: $485.87 as reimbursement for reduction in Husband's annuity; $1,873 for items of personal property that Wife did not return to Husband; and $5,602 for Husband's attorney's fees. Wife's appeal contests only the $10,000 fine.

sufficiency of the evidence to support the award, and in the absence of such a record the appellate court has nothing to decide. *Page v. Associated Couriers, Inc.*, 868 S.W.2d 138, 140 (Mo.App.1993). Accordingly, we have no choice but to dismiss the appeal.