**FLEETWOOD/EDWARDS CHEVRO-LET, INC., et al., Plaintiff, J. Renz Edwards, Jr., Appellant,**

v.

**FLEETWOOD CHEVROLET, et al., Respondent.**

No. WD 56585.

Missouri Court of Appeals, Western District.

Jan. 11, 2000.

Douglas Weems, Kansas City, for appellant.

Greg T. Spies, Kansas City, for respondent.

Before: Presiding Judge LOWENSTEIN, Judge HANNA and Judge LAURA DENVIR STITH.

HAROLD L. LOWENSTEIN, Presiding Judge.

This appeal concerns responsibility for attorney fees. It grows out of a five-year legal battle to construe a contract to sell an automobile dealership and now to determine who is responsible for the payment of attorney fees. J. Renz Edwards, Jr. appeals a grant of partial summary judgment declaring Respondents Fleetwood Chevrolet Company and H.E. Fleetwood prevailing parties in a case involving breach of contract and other claims and awarding Respondents attorneys' fees. Appellant also appeals a later judgment on attorneys' fees awarding Respondents $210,000. On appeal, Appellant Edwards claims the trial court erred in awarding the attorneys' fees in that (1) he was not a party to the agreement which contained the attorneys' fee provision, (2) the trial court never determined the agreement at issue was valid and enforceable or that its terms applied here, and (3) the amount of the award of attorneys' fees was unreasonable.

## STATEMENT OF FACTS

At issue in this appeal is a series of documents relating to the purchase of Respondent H.E. Fleetwood's automobile dealership "Fleetwood Chevrolet Co." Those documents include: (1) The "Letter Agreement"—an agreement between J. Renz Edwards III, Appellant Edwards' son and not a party to this appeal, and H.E. Fleetwood in which the two tentatively agreed that H.E. Fleetwood would sell substantially all of the assets of Fleetwood Chevrolet Co. ("Fleetwood Chevrolet") to a new corporation, Fleetwood/Edwards

Chevrolet, Inc. ("Fleetwood/Edwards Chevrolet"), (2) The "Sales Agreement"—an "Agreement for Purchase and Sale of Assets of Automobile Dealership" which confirmed the earlier Letter Agreement of the parties, that H.E. Fleetwood would sell substantially all of Fleetwood Chevrolet to Fleetwood/Edwards Chevrolet, (3) The "Corporation Agreement"—the agreement which provided for the formation of a new corporation to operate the dealership. The underlying suit and this appeal arose out of dispute as to the enforceability of these documents. Throughout the remainder of this opinion, the numbers above, depicting the chronology of the three documents, may appear as an aid to the reader.

On July 23, 1993, J. Renz Edwards III ("Edwards III") sent Respondent H.E Fleetwood a letter offering to purchase an interest in Fleetwood Chevrolet. The letter outlined the terms under which Fleetwood would sell substantially all of his assets to a new corporation, which came to be known as "Fleetwood/Edwards Chevrolet, Inc." On or about July 24, Respondent H.E. Fleetwood accepted the terms of the letter by executing the Letter Agreement and returning it to Edwards III. Appellant J. Renz Edwards, Jr. ("Edwards, Jr." or simply "Appellant") was not a party to nor did he sign the Letter Agreement.

On or about July 28, 1991, Respondent H.E. Fleetwood, on behalf of himself and Fleetwood Chevrolet, executed and delivered to Edwards III, and others,[1] the Sales Agreement (2). Under the Sales Agreement, Respondent agreed to sell substantially all of the assets of Fleetwood Chevrolet to Fleetwood/Edwards Chevrolet, a corporation which had not yet been formed. The Sales Agreement contained an attorney's fee clause which read as follows:

Attorneys' fees: In the event either party shall employ an attorney for en-forcement of all of this agreement or any provision hereof, then in such an event the prevailing parties shall be entitled to recover all costs incurred, including reasonable attorneys' fees.

It is undisputed that Appellant did not sign the Sales Agreement. The Sales Agreement was signed by Fleetwood Chevrolet by H.E. Fleetwood as President thereof, H.E. Fleetwood individually, and Fleetwood/Edwards Chevrolet by Edwards III, as President thereof.

On or about August 5, 1993, Respondents, Edwards III, Appellant and others executed the Corporation Agreement. The documentation showed the title "Agreement to Form Corporation and Amendment of Agreement for Purchase and Sale of Assets of Automobile Dealership." Within this agreement the parties arranged to form a new corporation to operate the dealership. It is undisputed that Appellant Edwards, Jr. was a signatory to the Corporation Agreement.

The sale of the dealership's assets never came to fruition. On October 26, 1993, Fleetwood/Edwards Chevrolet and Edwards III, filed suit in the Circuit Court of Cass County against H.E. Fleetwood and Fleetwood Chevrolet for breach of contract and other claims. Respondents asserted multiple counterclaims against the plaintiffs. Appellant was not added as a party to the suit until the Plaintiffs filed their Second Amended Petition on April 21, 1994.[2] On October 25, 1995, a Third Amended Petition was filed.

On May 15, 1996, Respondents filed a motion for summary judgment seeking a ruling that the Plaintiffs could not recover their attorneys' fees pursuant to the Sales Agreement. The trial court never ruled on this motion. Subsequently, Appellant and the other Plaintiffs dismissed their claims without prejudice and on October

---

1. There were several plaintiffs and defendants involved in the original trial that are not parties to this appeal and need not be mentioned.

2. The original plaintiffs at trial and Appellant J. Renz Edwards, Jr. will be referred to collectively as "the plaintiffs."

30, 1996, refiled their action in the Circuit Court of Jackson County. On February 26, 1997, the cause was transferred back to Cass County because Respondents' counterclaims were still pending there.

On January 15, 1997, Respondents filed a motion for summary judgment alleging that the Corporation Agreement was "fatally deficient by its omission of essential terms and the failure of conditions precedent." The court granted this motion, holding that the Corporation Agreement was not a valid, binding or enforceable contract. On April 14, 1997, Respondents filed a motion for summary judgment claiming the Sales Agreement was unenforceable. Respondents there claimed that the Sales Agreement was not a contract and alternatively that it failed due to lack of conditions precedent. The disposition of this motion is discussed below.

On August 5, 1997, Plaintiffs' counsel filed a second notice of dismissal. The court entered an order dismissing Plaintiffs' claims with prejudice. August 25, 1997, Respondents filed a motion for partial summary judgment seeking to declare Respondents the prevailing parties and seeking attorneys' fees. Respondents asserted that all of Plaintiffs' claims against them had been dismissed or ruled in favor of Respondents. In their motion, Respondents listed as their first undisputed fact, "1. Plaintiffs and defendants entered into the [Sales Agreement]." Plaintiffs did not controvert this fact in their response to that motion.

Plaintiffs subsequently filed a motion requesting a ruling on Respondents' motion for summary judgment claiming that the Sales Agreement (2) was unenforceable. Respondents thereafter withdrew their motion for summary judgment regarding the enforceability of the Sales Agreement before a ruling was made by the trial court.

After a hearing held October 3, 1997, the court sustained in part Respondents' motion for partial summary judgment in an order dated February 3, 1998. The court declared Respondents the prevailing parties (Issue I) and entitled to attorneys' fees (Issue II). The court furthered ordered that a separate hearing be held to determine the amount of fees to award (Issue III). On September 10, 1998, after retaining new counsel, Appellant filed an "Opposition to the Award of Attorneys' Fees" claiming there was no finding the Sales Agreement which contained the fee provision was enforceable, and also, for the first time, that Appellant was not a party to the Sales Agreement. Appellant admitted this was the first instance in which he had argued he was not a party to the Sales Agreement.

On September 11, 1998, the court held an evidentiary hearing on the amount of attorney fees and entered judgment granting Respondents $210,000.00 (Issue III). Respondents then filed a dismissal of their remaining counterclaims which was granted by the court on October 5, 1998. Appellant J. Renz Edwards, Jr., the only individual to do so, timely filed this appeal.

## STANDARD OF REVIEW

On appeal from a grant of summary judgment, this court must view the record in the light most favorable to the non-moving party. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993) (citations therein omitted). "We accord the non-movant the benefit of all reasonable inferences from the record." *Id.* "Our review is essentially *de novo* ...The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment." *Id.*

## ANALYSIS

### I.

As his first point on appeal, Appellant claims the trial court erred in entering

judgment in favor of Respondents for attorneys' fees because Appellant was not a party to the Sales Agreement which contained the attorneys' fees provision. Appellant claims he was not named in nor did he sign the Sales Agreement, and therefore, Appellant was not a party to and cannot be bound by the terms of that agreement. Respondent admits that Appellant did not sign the Sales Agreement but claims Appellant otherwise admitted he was in fact a party to that agreement.

The trial court granted partial summary judgment on Respondents' motion for summary judgment for attorneys' fees filed August 25, 1997. In that motion, Respondents enumerated the following fact:

1. Plaintiffs and defendants entered into the Agreement for Purchase and Sales of Assets of Automobile Dealership [the Sales Agreement]…

In their "Suggestions in Opposition" to Respondents' motion for summary judgment, the Plaintiffs, including Appellant, responded to the above fact as follows:

"1. Uncontroverted."

At the time Respondents filed the motion for summary judgment at issue, Plaintiffs in the suit included Appellant J. Renz Edwards, Jr., son J. Renz Edwards III, Harold D. Lyden, Jr., and Fleetwood/Edwards Chevrolet, Inc.

 In regard to a motion for summary judgment, "[f]acts set forth in a moving party's motion are taken as true unless contradicted by the non-moving party's response to the motion." *Edwards v. McNeill*, 894 S.W.2d 678, 681 (Mo.App.1995) citing *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Appellant did not contest Respondents' statement that "[p]laintiffs and defendants entered into [the Sales Agreement]…." Appellant was a plaintiff at the time the motion for summary judgment and response thereto were filed. By failing to contradict the fact that *"the* plaintiffs," which necessarily includes *all* the plaintiffs, had entered into the Sales Agreement, Appellant effectively admitted he entered into and so was a party to that agreement. *Mattes v. Black & Veatch*, 828 S.W.2d 903, 905–7 (Mo.App.1992). Appellant's prior counsel made a judicial admission that Appellant was a party to the Sales Agreement. Long after the trial court ruled on the motion, and only when faced with an evidentiary hearing on the amount of the fees, did Appellant, through present counsel, attempt to circumvent the previous admission. Appellant attempts to discredit the effect of the admission by now asserting it constituted a conclusion rather than a fact. This argument is rejected. Appellant's time for contesting that issue has passed. This point is denied.

## II.

Appellant's second point on appeal is that the trial court erred in entering judgment for Respondents because the court never determined that the Sales Agreement was valid and enforceable or that its terms applied in this case. Appellant asserts that Respondents' only claim for attorneys' fees came under the Sales Agreement and fees could not be awarded without the trial court first determining that the agreement was enforceable. Appellant also claims that Respondents were not entitled to fees because the clause was inapplicable by its language and by prevailing caselaw.

 Plaintiffs' suit was brought on theories founded in contract; breach of contract and specific performance of the Sales Agreement were two of the counts enumerated in their petition. When Respondents brought their final motion for summary judgment seeking to be declared prevailing parties, all of Plaintiffs' claims had either been ruled in Respondents' favor or had been dismissed. As such, the court declared Respondents the prevailing party and awarded fees. No ruling of the court ever held the Sales Agreement to be invalid. Under Missouri law, a party is

not entitled to fees except when authorized by statute or by contractual agreement. *Washington Univ. v. Royal Crown Bottling Co.*, 801 S.W.2d 458, 468 (Mo.App. 1990). There is no statutory authorization to fees present here. Accordingly, the court must have determined Respondents were entitled to fees under the contract or no fees could have been awarded. A specific finding to that effect is not required – it is apparent from the fee award itself.

■ Additionally, contrary to Appellant's assertion, based on the language of the attorneys' fee provision, Respondents were entitled to their fees. As written above, the language of the fee provision was as follows:

> In the event either party shall employ an attorney for enforcement of all of this agreement or any provision hereof, then in such an event the prevailing party shall be entitled to recover all costs incurred, including reasonable attorneys' fees.

The case at issue fits directly into this language. "Either party," employed an attorney "for enforcement" of the contract. Here the party seeking enforcement was Appellant and the Plaintiffs below. However, that does not take away Respondents' right to fees. The language does not read that only a party seeking enforcement who *then wins* is entitled to their fees. The language reads that when either party brings suit to enforce the agreement, the prevailing party, no matter if they were the party bringing suit or not, is entitled to their fees. Here, Appellant and Plaintiffs brought suit to enforce the Sales Agreement and Respondents prevailed. Respondents were entitled to their attorneys' fees.

■ Appellant additionally equates this case to *Walton General Contractors, Inc. v. Chicago Forming, Inc.*, 111 F.3d 1376 (8th Cir.1997) in which the court refused to enforce a fee provision similar to that at issue because the provision was intended to provide an additional remedy only to a *non-breaching party*. However, Respondents here were never found to be in breach of contract. To the contrary, Respondents were the prevailing party in the case at bar. Thus, this situation simply does not fit into that contemplated by the *Walton* court. Appellant seems to say that Respondents should not be awarded attorneys' fees because from the beginning they have maintained that the agreements were unenforceable. However, the taking of inconsistent positions during litigation is an accepted practice under our laws. *Washington Univ.*, 801 S.W.2d at 469. Regardless of their inconsistent theories at trial, Respondents were not found to be in breach of contract, prevailed in this action and were entitled to their fees. This point is denied.

### III.

■ As his final point on appeal, Appellant contends the attorneys' fee award of $210,000 was unreasonable. "The setting of attorney's fees is within the sound discretion of the trial court and should not be reversed unless the award is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration." *Estate of Strauss v. Schaeffer*, 781 S.W.2d 274, 275 (Mo.App. 1989) (cases cited therein omitted). At the hearing to set the fee amount, Respondents presented evidence as to the amount and reasonableness of fees incurred. After considering the evidence, the judge stated to Appellant's counsel, "Other than to say, this is a big amount; I have not heard any reason why the fees that they're requesting should not be granted." The trial court's statement indicates that Appellant failed to present evidence as to why the requested fee should not be awarded. Appellant takes this statement of the judge to mean the court did not attempt a meaningful review of the billing records of the Respondent's counsel. Additionally, Appellant asserts that by making no attempt to limit the amount requested, the court showed a strong indifference which amounted to an

abuse of proper judicial discretion. *Miller Stauch Const. Co. v. Williams–Bungart Elec., Inc.*, 959 S.W.2d 490, 496 (Mo. App.1998); *In re Alcolac, Inc.* 903 S.W.2d 680, 682 (Mo.App.1995).

The judge who made the fee determination presided over the case during the last two and one half years of its existence. Although not strictly required to do so since she was familiar with the case and "all the issues involved," she conducted the hearing on the fee allowance and heard the evidence of Respondent's counsel. *Sebree v. Rosen*, 393 S.W.2d 590, 599 (Mo.1965); *State v. Van Black*, 715 S.W.2d 568, 572 (Mo.App.1986). Appellant presented no evidence on the question. "The burden was on the appellant to affirmatively establish that the compensation allowed the respondent was a clear or manifest abuse of sound judicial discretion." *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980). Although the amount of the fee award is large, the judge deciding the point is presumed to know the value of the legal services, so here, there is no room for a determination that the trial court erred on this award. *First Nat'l Bank of Kansas City v. Danforth*, 523 S.W.2d 808, 825 (Mo.1975). The trial court's fee determination will not be disturbed. The appellant has failed to show the extent to which the amount is unreasonable. Without a showing of an abuse of discretion, the award must be affirmed. This point is denied.

Appellant's points on appeal are without merit. The grant of summary judgment in favor of Respondents was proper. The judgment of the trial court is affirmed.

All Concur.