Barry G. DICKEMANN,
Plaintiff–Appellant,

v.

MILLWOOD GOLF & RACQUET CLUB, INC. and Keith Keltner Corporation, Defendants–Respondents.

No. 24051.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 11, 2002.

---

John C. Banning, Reynolds & Gold, P.C., Springfield, Appellant's attorney.

Craig R. Oliver, Bruer, Wooddell, Oliver & Bates, P.C., Respondents' attorney.

NANCY STEFFEN RAHMEYER, Judge.

Barry Dickemann ("Appellant") brought suit against Millwood Golf & Racquet Club, Inc. and Keith Keltner Corporation (collectively, "Respondents") for rescission of a contract. Specifically, Appellant sought the return of a membership fee of $5,750 and dues of $2,874.36 from Millwood Golf & Racquet Club, Inc. ("Millwood"). Appellant alleged he had been fraudulently induced to purchase a membership at Millwood by a salesman who indicated the club swimming pool would be very similar to a pool at another local country club, Highland Springs. Pursuant to the contract, Respondents brought a counterclaim for attorney's fees. The parties waived a jury trial. The court entered judgment for the Respondents on the claim for rescission of the contract and on the counterclaim and awarded Respondents $15,000. Appellant appeals both judgments. Respondents move to award attorney's fees on appeal. We affirm the judgment. We remand to the trial court the motion to award attorney's fees on appeal.

Appellant raises four points on appeal. Points one and two are related and will be discussed together. Appellant contends that the trial court erred in denying Appellant's claim for rescission of the contract on the basis that there was never a valid contract because of Respondents' failure to properly amend the bylaws and Keith Keltner's "sole and absolute discretion" to change the agreement between the parties made the contract void. Neither

point was raised in the pleadings, nor decided at the trial level.[1] We will not convict the trial court of error on matters that were not before it. *See Vaughn v. Willard,* 37 S.W.3d 413, 416 (Mo.App. S.D. 2001).[2] Points I and II are denied.

■ For his third point Appellant claims the trial court erred in denying him a jury trial. The right to a jury trial is waived if a timely request is not made or, according to Rule 69.01(b)(3),[3] by oral consent in court, entered on the minutes. *City of St. Louis v. International Harvester Company,* 350 S.W.2d 782, 786 (Mo. banc 1961). A scheduling conference was held on this matter on February 16, 1999 and a docket entry was made:

> SCHEDULING CONFERENCE HELD. PLTF. BY ATTY. BANNING. DEFT. BY ATTY. OLIVER. PARTIES WAIVED JURY TRIAL. COURT SETS FOR BENCH TRIAL (FULL DAY) ON MAY 27, 1999 AT 9:30 A.M. PARTIES NOTIFIED. CIRCUIT COURT DIV. 5. JUDGE HOLDEN/LMS

Appellant argues that Rule 69.01(b)(3) does not apply and he did not waive his right to a jury trial because less than thirty days later, on March 16, 1999, at a hearing on a motion for summary judgment, the court entered a docket entry that stated in part:

> COURT CANCELS BENCH TRIAL SET FOR MAY 27, 1999 AT 9:30 A.M. COURT SETS CASE FOR JURY TRIAL. .... PARTIES NOTIFIED.

That docket entry was not challenged until January 19, 2000 when Respondents filed a motion to enforce the waiver of the jury trial, which was subsequently sustained by the trial court. Appellant argues either Appellant revoked his earlier waiver of a jury trial or, in the alternative, he had the right to a jury trial after Respondents filed a counterclaim for attorney's fees.

There is no indication in the docket entries as to why the court reset the matter as a jury trial. Appellant did not file written suggestions in opposition to Respondents' motion to enforce waiver of jury trial, nor was any transcript supplied indicating whether there was opposition to the motion. Likewise, there is no indication in the transcript of the trial whether Appellant objected to the trial proceeding as a bench trial; however, Rule 69.01(b)(4) provides that a jury trial is waived if the parties enter into trial without objection. Based on the record before us, we cannot convict the trial court of error in finding that a jury trial had been waived and denying the motion for jury trial on the original petition.

■ Moreover, the nature of Appellant's claim is such that a jury trial was not required. It is clear from the record that Appellant sought to rescind the contract and recover the initiation fee and dues he paid to Millwood. When Appellant made a claim that he had been induced to make the purchase by fraud, he had two alternative remedies: (1) he could rescind the purchase and recover the purchase price, or (2) he could affirm the purchase and seek damages for the tort. *Harper v. Barket,* 557 S.W.2d 455, 457 (Mo.App. 1977). He could not take both positions. This doctrine of election of remedies rests upon the policy that a litigant may not insist upon the truth of inconsistent positions merely to win the case. *Timmons v.*

---

1. Testimony was admitted on a limited basis concerning Respondents' counterclaim for attorney's fees. We will discuss Appellant's contract claims on that issue alone.

2. We have ex gratia reviewed the record for plain error and find none.

3. All rule references are to Supreme Court Rules (2001) unless otherwise stated.

*Bender,* 601 S.W.2d 688, 690 (Mo.App. W.D.1980).

Appellant used the Millwood facilities for eleven months; he then withdrew his membership and sought a return of all the money he paid to Millwood. Appellant's evidence concerning damages was simply the money he paid to Millwood; he provided no evidence on the damages for fraud based on the alleged misrepresentation that the pool was similar to the one at Highland Springs. *See Vogt v. Hayes,* 54 S.W.3d 207, 211 (Mo.App. S.D.2001)(if the victim of fraud keeps what he purchased, he sues for the benefit of the bargain); *Little v. Morris,* 967 S.W.2d 685, 686 (Mo. App. S.D.1998)[damages for a victim of fraud are measured as the difference between the value as represented and the true value as of the date of purchase (i.e., the benefit of the bargain)]. Therefore, Appellant proceeded on his equitable claim for rescission of the contract rather than his legal claim to affirm the contract and seek money damages. *See Groothand v. Schlueter,* 949 S.W.2d 923, 930 (Mo.App. W.D.1997). As there is no right to a jury trial in a case in equity, a jury trial was not proper. *See State ex rel. Willman v. Sloan,* 574 S.W.2d 421, 422 (Mo. banc 1978).

■ Appellant makes a second argument that a new right to a jury trial was created when Respondents filed a counterclaim seeking attorney's fees under the contract. Any right of Respondents to collect attorney's fees had to come from an agreement of the parties, as there is no statutory authority for attorney's fees that applies. *See Fleetwood/Edwards Chevrolet, Inc. v. Fleetwood Chevrolet,* 9 S.W.3d 62, 66–67 (Mo.App. W.D.2000). Respondents claim that under the bylaws in effect at the time Appellant joined Millwood and referred to in the contract signed by Appellant, Millwood had in effect a provision for the payment of attorney's fees in the event that a member instituted, and was unsuccessful in, a suit against the club.

Once liability on the contract has been determined, the trial court may award reasonable attorney's fees as a matter of law. *State ex rel. Chase Resorts, Inc., v. Campbell,* 913 S.W.2d 832, 835 (Mo.App. E.D. 1995). A jury trial on the issue is neither required nor appropriate. *Id.* at 836. The court did not err in denying Appellant's request for a jury trial on the issue of attorney's fees. Point III is denied.

■ Appellant's fourth point claims:

THE TRIAL COURT ERRED IN AWARDING $15,000 TO DEFENDANT ON THE COUNTERCLAIM BECAUSE [THERE] WAS NO LEGAL GROUNDS FOR AWARDING ATTORNEYS' FEES AND THE FEE AWARDED WAS EXCESSIVE IN THAT THERE WAS NO AGREEMENT ON ATTORNEYS' FEES DUE TO THE FAILURE TO PROPERLY AMEND THE BY LAWS AND THE PARTIES AGREED TO BE BOUND BY JANUARY 1996 BY–LAWS AND NO OTHER.

Initially we note that Respondents claim this point is not preserved for appellate review because Appellant cited no authority to support his argument and failed to explain why such authority is unavailable. Appellant concedes that he cited no authority with the argument, "If there was no contract between the parties then obviously there could be no award of attorney's fees. Citation of authority for this simple proposition should be unnecessary." That argument assumes there was no contract. As noted above, the basis at trial for Appellant's argument that there was no contract was a fraudulent statement concerning the swimming pool. The trial court rejected that argument. Appellant did not

challenge that decision of the trial court in this appeal, therefore, a contract existed between Appellant and Respondents.

The crux of Appellant's argument is whether Appellant is bound by the provision in the bylaws concerning attorney's fees. Appellant hangs his hat on the argument that the contract expressly referred to bylaws dated "8, Jan, 1996" whereas the actual date of the most recent set of bylaws was December 1995.[4] Appellant agreed at trial that in the membership application he agreed to be bound by some set of bylaws, but argues that because there is no document that is expressly entitled "8, Jan, 1996" bylaws, he is not bound by any bylaws. He claims not to have received copies of any bylaws.

Such an interpretation is contrary to several provisions on the face of the application. Specifically, on the application signed by Appellant were the following provisions:

(1) The Applicant hereby acknowledges receipt of a copy of the Millwood Golf & Racquet Club By–Laws dated 8, Jan, 1996, and agrees to be bound as a Club member by all of the respective terms and conditions of this document.

. . . .

(5) The Applicant acknowledges that he/she has not relied upon any statements, oral or written, with respect to Club membership other than statements contained in the Club By–Laws.

. . . .

(7) The Applicant acknowledges that all amounts paid for a Golf or Club Membership are only partially refundable, subject to the limitations and conditions set forth in the Club By–Laws which are included with this application.

■■■ Missouri courts look to the parties' objective manifestations of intent to determine whether there was a meeting of the minds that would form a valid contract. *Fiegener v. Freeman–Oak Hill Health System,* 996 S.W.2d 767, 771 (Mo.App. S.D. 1999). Whether there was a meeting of the minds between Dickemann and Millwood was a question of fact for the trial court to decide. *Silver Dollar City, Inc. v. Kitsmiller Construction Co.,* 931 S.W.2d 909, 914 (Mo.App. S.D.1996). On appeal, all factual findings are assumed to be in accordance with the result reached by the trial court. *Ruzicka v. Hart Printing Company,* 21 S.W.3d 67, 70–71 (Mo.App. E.D.2000). This court will affirm the trial court's judgment unless no substantial evidence supports the judgment, the judgment is against the weight of the evidence, or the judgment erroneously declares or misapplies the law. *Id.* at 70.

On the face of the application Appellant acknowledges that he knows the significance of the bylaws. On the face of the document Appellant acknowledges that he knows the full amounts paid for a golf or club membership are partially refundable, subject to the limitations and conditions set forth in the bylaws. Appellant complains about changes made in the bylaws *prior* to his application; however, all of the bylaws contained the same provision regarding the payment of attorney's fees if a suit was initiated against Millwood. Appellant initiated the action against Millwood to rescind the contract and lost. Appellant used the membership for eleven months without challenging any set of bylaws. The objective manifestation of intent indicates that Appellant intended to enter into a valid contract with Millwood.

■■■ It is presumed that the parties contracted to reach fair, practical and rea-

**4.** January 8, 1996 is the date Appellant signed the membership application.

sonable results, and contracts are interpreted with that presumption in mind. *Buffalow v. Bull,* 619 S.W.2d 913, 923 (Mo. App. W.D.1981). A reasonable person would assume that the bylaws agreed to by the parties were the ones in effect at the time Appellant signed the application form. Appellant and Millwood had a valid contract, a contract that included the bylaws in effect at the time Appellant signed the contract. Appellant has cited no cases to support his contention that alleged procedural defects within the corporation in ratifying the minutes nullifies the contract between Appellant and Respondents. Appellant's one-sentence argument concerning the excessiveness of the attorney's fee award is also unsupported by any evidence or case law. This court need not review arguments without support. *Johnston v. Johnston,* 952 S.W.2d 385, 386 (Mo.App. E.D.1997). Point IV is denied.

The judgment of the trial court is affirmed. The motion to award attorney's fees on appeal is remanded to the trial court for disposition.

PREWITT, J., concurs.

PARRISH, J., concurs in result and files concurring opinion.

PARRISH, Judge, concurring.

I concur in the result. I would not grant plain error review of Points I and II. If appellant wished to assert the issues he now poses in Points I and II, he should have raised them in the trial court.